United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30320
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY H. ADAIR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-16-1
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Harry Adair was sentenced to a 240-month term of
imprisonment and a three-year term of supervised release for
money laundering.  Adair's sentence was vacated on appeal, and
the matter was remanded for resentencing.  See United States v.
Adair, 436 F.3d 520, 527-29 (5th Cir. 2006).  On remand, the
district court again imposed a 240-month term of imprisonment.
Adair now appeals, challenging his sentence.

Adair contends that the district court unconstitutionally
applied the Sentencing Guidelines in a mandatory manner, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the Supreme Court's ruling in <u>United States v. Booker</u>, 543 U.S. 220 (2005). He notes that his sentence upon resentencing is substantially harsher than the 51-month alternative sentence the district court imposed at his original sentencing hearing. A review of the district court's statements at sentencing show that the court was aware of the advisory nature of the Guidelines and that it adequately considered the 18 U.S.C. § 3553(a) factors when reimposing a 240-month sentence. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 518-19 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Moreover, Adair's sentence, within the applicable guidelines range, is presumed to be reasonable. <u>See</u> <u>United States v. Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006).

Adair also contends that this court's presumption of reasonableness, set forth in <u>Alonzo</u>, is inconsistent with <u>Booker</u>. He concedes that he is raising this claim solely to preserve it for further review. This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision. <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999). The judgment of the district court is thus AFFIRMED.